**Alexandria**

LAUREL (COLBERT) WHITAKER

v.

DENNIS FRANKLIN COLBERT

No. 2580-92-4

Decided April 5, 1994

COUNSEL

Ruth A. King, for appellant.

Robert S. Janney (Janney, Janney & McGrath, on brief), for appellee.

OPINION

**WILLIS, J.**—Laurel (Colbert) Whitaker contends that the trial court erred (1) by refusing to treat as income Dennis Franklin Colbert's personal injury settlement in calculating child support, and (2) by applying social security benefits, paid to the children as a result of Colbert's disability, as a credit in calculating his ongoing child support obligation. We find no error and affirm the judgment of the trial court.[1]

On October 15, 1990, the trial court granted the parties a divorce and awarded custody of their children to Ms. Whitaker. The court ordered Colbert to pay $400 per month child support. The decree provided for retroactive modification of the child support award based on the results of Colbert's pending personal injury lawsuit. The trial court found that Colbert was disabled, that his pre-injury earnings had been $17,000 per year, and that his suit embraced a claim for lost earnings and earning capacity. The trial court also found that Colbert owed a support arrearage of $3,850 as of October 1, 1990.

After Colbert began receiving social security disability benefits and settled his lawsuit, the parties petitioned the trial court for retroactive modification of Colbert's child support obligation, as permitted by the October 15, 1990 decree. Ms. Whitaker sought to have the $30,000 net amount received by Colbert in settlement of his personal injury suit included in the computation of his income for purposes of fixing his child support obligation. Colbert sought to have his child support obligation reduced, taking into account his continuing disability, tying the determination of his income to his social security benefits, and giving him credit for

---

[1] This opinion addresses the effect of a dependent's social security benefit on an ongoing support obligation. In *Virginia Department of Social Services, Division of Child Support Enforcement v. Skeens*, Record No. 2427-92-3, decided today, we consider the applicability of such benefits previously paid as a credit against a support arrearage.

social security benefits received by the children.

The record discloses that, as of the December 14, 1992 decree to which this appeal is addressed, Colbert had no earnings or other income from the time since he became disabled. He was eligible for social security beginning May 1990. His benefit, as of the entry of the decree, was $744 per month. The parties' children likewise became eligible for social security benefits, effective May 1990, as dependents of their disabled father. In January 1992, they received a lump sum award of $5,915, representing previously accrued but unpaid benefits. As of the date of the decree, their benefit was $372 per month ($124 per child).

Colbert received a net recovery of $30,000 from the settlement of his lawsuit. The suit embraced claims for lost earnings (which had been $17,000 per year before the accident), lost earning capacity, medical expenses totaling approximately $13,000, personal injury, disability, and pain and suffering. Colbert's recovery was not allocated among the several elements of his claim.

Ms. Whitaker's monthly income from May 1990 to November 1990 was $1,833 and in 1991 and 1992 it was $1,872. Through her employment, she furnished health care coverage for the children at a cost of $150 per month in 1990, $235 per month in 1991, and $169 per month in 1992.

The trial court held that the personal injury settlement was not income within the scope of Code § 20-108.2(C). It did not include that amount in its calculation of Colbert's income. In calculating Colbert's income, for the purpose of computing his child support obligation under Code § 20-108.2, it imputed to Colbert the social security benefit received by the children as his dependents. Adding that amount to the benefit received by him, it calculated his child support obligation under the guidelines based on that total income. It then credited that obligation by the amount of the benefit received by the children. This appeal addresses, not the arithmetic, but the principles employed by the trial court in those computations.

## THE PERSONAL INJURY SETTLEMENT

■ Code § 20-108.2 applies to income, not to capital recoupment. This conclusion is supported by the definition of income set forth in Code § 20-108.2(C). Although that definition includes

"capital gains," capital gains are by their nature profits, not returns of capital. Colbert's personal injury claim included an income element, lost earnings. It included also capital elements, compensation for medical expenses, loss of earning capacity, disability, injury, and pain and suffering. The evidence before the trial court did not elucidate the merits of any of these claims. Plainly, the settlement was for an unquantified fraction of the total amount claimed. The trial court held, "The settlement was not apportioned as to amounts attributable to pain and suffering, permanent injury or disability, lost wages, lost earning capacity or future medicals and the court finds that it would be speculative at best as to how to attribute any part of that settlement to prior lost wages as opposed to the other elements of damages." The trial court thus held that the evidence did not prove that the settlement generated income to Colbert. The evidence supports that determination.

## THE SOCIAL SECURITY BENEFITS

■ Unquestionably, the social security benefit received by Colbert is income to him for purposes of Code § 20-108.2. The purpose of the benefit is to provide him a disability income, offsetting the loss of earning capacity resulting from his disability. The benefit falls within the definition of income found in Code § 20-108.2(C). The issue is whether the benefit received by the children should be considered income derived by them from Colbert and thus should be included in the computation of his ongoing support obligation and credited against that obligation. Other jurisdictions have followed that approach. *See Binns v. Maddox*, 327 So. 2d 726 (Ala. Civ. App. 1976); *Cash v. Cash*, 353 S.W.2d 348 (Ark. 1962); *Horton v. Horton*, 132 S.E.2d 200 (Ga. 1963); *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976); *Andler v. Andler*, 538 P.2d 649 (Kan. 1975); *Cohen v. Murphy*, 330 N.E.2d 473 (Mass. 1975); *Schulze v. Jensen*, 214 N.W.2d 591 (Neb. 1974); *Lovett v. Lovett*, 428 S.E.2d 874 (S.C. 1993); *Farley v. Farley*, 412 S.E.2d 261 (W. Va. 1991). We find that approach persuasive. It is consistent with the nature of the parental support obligation and the purpose underlying the social security benefit.

■ The social security benefits received by the children are not gratuities, but are entitlements earned by Colbert through his earlier employment. They are a substitute for his lost ability to provide for the children through the fruits of future employment.

They are much the same as benefits under a disability insurance policy. The social security tax deducted from Colbert's paychecks and the required contributions by his employer were like premiums, purchasing benefits in the event of his disability. The children's benefits inure to them not through their own entitlement but because of their status as dependents of a disabled parent. The benefits accrue to them to offset Colbert's diminished ability to provide for them normally. He is entitled to credit for that alternative provision of ongoing support.

The benefits to Colbert's children derived from his employment. They offset his incapacity to provide for his children through continued employment. He enjoys a credit against his support obligation for the amount of those benefits. Thus, those benefits are, in effect, income to him and fall within the definition of his income under Code § 20-108.2(C).

The trial court properly imputed as income to Colbert the social security benefits received by his children and credited his child support obligation by the amount of those benefits.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., and Fitzpatrick, J., concurred.