COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


CARL O. PATTON

                                        MEMORANDUM OPINION[*]
v.   Record No. 1851-96-4           BY JUDGE CHARLES H. DUFF
                                           JULY 8, 1997
LINDA GIULIANO PATTON


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Michael P. McWeeny, Judge

          William K. Dove, II (William K. Dove &
          Associates, P.C., on briefs), for appellant.

          Marcia M. Maddox (Heather Ann Cooper; Law
          Office of Marcia M. Maddox, on brief), for
          appellee.


     Carl O. Patton (father) contends that the trial judge erred

by (1) denying his petition to modify his child support

obligation because his workers' compensation benefits had been

terminated; and (2) not crediting his child support payments with

the lump sum Social Security disability benefit received by Linda

Giuliano Patton (mother) on behalf of the children.  We find no

error and affirm the judgment of the trial judge.

                            Background

     The parties were married in 1982 and their Final Decree of

Divorce was entered on June 15, 1990.  Two children were born of

the marriage, and custody of the two minor children was awarded

to mother.  Father agreed to pay spousal and child support

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pursuant to the parties' Separation Agreement which was incorporated into the final decree of divorce.

On June 24, 1994, father was involved in an employment related traffic accident, resulting in permanent brain injury. He received workers' compensation payments, and he sought Social Security disability benefits for himself and his children. A February 1, 1996 letter from the Social Security Administration indicates that mother was to receive Social Security benefits in the amount of $219 for each child for December 1994, $222 per child starting in January 1995, and $228 per child starting in December 1995.

On June 14, 1995, the parties entered into a Consent Order, addressing child and spousal support, and insurance premium arrearages owed by father to mother. Effective March 1, 1995, the Consent Order provided that these arrearages were reduced to judgments against father in favor of mother. The Consent Order further provided that the judgments constituted "judgment lien[s]" against father's anticipated personal injury award and included interest.

The Consent Order also confirmed the continuing, non-modifiable nature of father's spousal support obligation. In addition, the parties agreed to a temporary reduction of father's child support obligations from $1,000 per month to $900 per month. The Consent Order further provided that, of the $900 per month child support due, father would pay only $800 per month

2

until receipt of the personal injury award or his return to employment, whichever first occurred. The $100 per month not paid by father would accrue as additional arrearages, constituting additional judgment liens against his anticipated personal injury award.

On November 9, 1995, father was awarded $300,000 in his personal injury action. On November 17, 1995, mother requested a payment of $18,521.34 from father as satisfaction of the judgments established in the Consent Order.

On January 5, 1996, mother filed a "Petition for Rule to Show Cause" due, inter alia, to father's refusal to satisfy the judgments pursuant to the Consent Order. The circuit court entered a "Rule for Contempt" against father on January 11, 1996.

Father filed a "Response to Rule to Show Cause" on January 26, 1996. In the response, he stated that he had paid mother $13,362.34 pursuant to the Consent Order prior to her filing the Petition for Rule to Show Cause. He also indicated that he was withholding $5,328 as a credit to him based upon pending Social Security disability payments to be paid to the parties' children on his behalf. Father more fully set forth this argument in his "Petition for Entry of Order to Implement Consent Order." In that petition, father contended that mother had received a lump sum payment of $5,328 in Social Security benefits on behalf of the children, which was retroactive through the period of time covered by the Consent Order, and which compensated mother for

3

the monthly Social Security payments beginning December 1994. Father asserted that he was entitled to a credit against the lien set forth in the Consent Order in the amount of $5,328.

Also in that petition, father asked the trial judge to recalculate his child support obligation, crediting him with the $444 per month in Social Security benefits received by the children, resulting in a reduction of $444 per month in his child support payments.

On February 16, 1996, the trial judge held a hearing on the outstanding motions. On February 27, 1996, the judge issued an opinion letter, finding that father had no right to an offset against the child support arrearages for Social Security disability benefits "potentially due" to the children on his behalf. The judge noted that the language of the June 14, 1995 Consent Order was "clear and unambiguous" in requiring that the judgment for arrearages be paid out of father's personal injury recovery.

The trial judge further stated that the terms of the Consent Order were not subject to retroactive modification. The judge found that "the disability benefits received by the children should be included in the computation of the ongoing support obligation and credited against that obligation." The judge set father's revised child support obligation at $861 per month, with a credit or offset of $444 per month for the Social Security benefits, resulting in a net obligation of $417 per month.

4

The parties filed several motions, including father's "Petition for Modification of Support Order and for Computation of Credit Against Spousal Support or Refund." In this petition, father asserted that, on March 8, 1996, his workers' compensation payments were terminated. He asked to modify his child support obligation because these benefits had been terminated. He also renewed his request for a credit for the lump sum Social Security disability payment made to his children on his behalf.

On May 24, 1996, the parties presented their respective motions to the trial judge. At the hearing, a claims adjuster from the workers' compensation carrier testified that the carrier terminated father's workers' compensation payments on March 8, 1996 due to father's receipt of the third-party personal injury award.

On May 28, 1996, the trial judge issued an opinion letter, finding that the monthly Social Security payments constituted father's income for child support purposes. The judge also found that the change in the source of father's income from workers' compensation to the personal injury recovery was not a material change in circumstance. Therefore, the judge denied father's request for modification of his child support obligation. Finally, the judge denied father's request for a credit for the lump sum Social Security disability payment against his child support or spousal support obligations. The judge reasoned that, although father presented no evidence that such payment was

5

received by mother, any lump sum benefits, "if proven, would be the periodic payments accrued prior to the February 16, 1996 hearing," and that this was a benefit that the children should have been receiving at the rate of $444 per month, "the exact sum used both to compute [father]'s gross income and to serve as a credit against his obligation."

On June 28, 1996, the trial judge entered an order memorializing his May 28, 1996 opinion letter.  Father appeals from that order.

### Workers' Compensation Benefits Issue

"Where the trial court's decision is based upon an <u>ore tenus</u> hearing, its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it."  <u>Schoenwetter v. Schoenwetter</u>, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

Father first argues that the trial judge erred in denying his petition for modification of his child support obligations when his workers' compensation benefits were terminated.

Code § 65.2-309 provides for an employer's right of subrogation against a third party when the employer has paid compensation to an employee who was injured as a result of the negligence of the third party.  The claims adjuster for the insurance carrier testified that his company ceased paying workers' compensation benefits to father when he obtained the personal injury award, stating that the carrier had a lien on

6

this award.  Mother disputes that father proved he no longer receives workers' compensation payments.  However, the trial judge found that the evidence "clearly demonstrate[d]" that the insurance company terminated father's temporary total disability payments.

The trial judge then found that the workers' compensation benefits were considered "'gross income'" under Code § 20-108.2(C), and that, because the personal injury award replaced the workers' compensation award, "the alteration of the source of the workers' compensation benefit d[id] not constitute a change in circumstance."

Code § 20-108.2(C) defines "gross income" as "all income from all sources," including "workers' compensation benefits." Clearly, father's workers' compensation benefits constituted part of his gross income.  However, father argues that the trial judge erred in finding that the personal injury award replaced the workers' compensation award.  Father contends that the result of the judge's findings is to require payment of child support from the proceeds of the personal injury award, which is in contradiction of Code § 34-28.1, providing for an exemption for personal injury awards from creditor process.

Father cites Whitaker v. Colbert, 18 Va. App. 202, 442 S.E.2d 429 (1994), as authority for the position that a personal injury award is not income for purposes of Code § 20-108.2(C). In Whitaker, we held that the evidence did not prove that the

personal injury settlement generated income for the former husband for purposes of determining child support. Id. at 205, 442 S.E.2d at 431. However, Whitaker is factually distinguishable from father's case. In Whitaker, the disabled parent did not receive workers' compensation benefits. His only source of income was Social Security benefits. Id. at 204, 442 S.E.2d at 430. Because the personal injury award included an income element and compensation for medical expenses, loss of earning capacity, pain and suffering and other elements, the trial court reasoned that it would be speculative to apportion any part of the settlement to prior lost wages as opposed to other elements of damages. Id. at 205, 442 S.E.2d at 431.

Father's personal injury award compensated for a work related injury and the award temporarily replaced income he had been receiving in the form of workers' compensation benefits. Although his award presumably also contained elements such as compensation for medical expenses and pain and suffering, the trial judge did not have to speculate as to how much of the personal injury award to attribute to the replacement of the workers' compensation benefits. The claims adjuster from the workers' compensation carrier testified that father received bi-weekly workers' compensation payments of $902. These payments were suspended pending the exhaustion of the carrier's right to subrogation. Therefore, a definable portion of the personal injury award, $902 per week, replaced the workers' compensation

8

payments which, by statute, are included in gross income for purposes of the determination of child support. See Code § 20-108.2(C). Accordingly, the trial judge's ruling was not plainly wrong or without evidence to support it.

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30. The trial judge's ruling that the personal injury award was an "alteration of the source of the workers' compensation benefit" was not a ruling that the entire personal injury award should be included in father's gross income. Only that portion of the personal injury award which replaced the workers' compensation award was included in the computation of father's gross income. Thus, father's argument that the judge's ruling results in the payment of child support in direct contradiction of Code § 34-28.1 is without merit. Because a portion of the personal injury award replaced the workers' compensation component of father's gross income for the purpose of child support determination, father failed to prove a material change in circumstance.

## Lump Sum Payment Issue

Father next argues that the trial judge erred in not crediting his child support payments with the lump sum Social Security disability benefit received by mother on behalf of the children.

In his February 27, 1996 opinion letter, the trial judge found that there was no "right of offset" for disability benefits "potentially due" with respect to the arrearages, stating that the Consent Order was "clear and unambiguous" that the arrearages were to be paid from the personal injury award. However, the judge found that the Social Security disability benefits received by the children should be included in the computation of the ongoing support obligation and credited against that obligation, citing <u>Whitaker</u> and <u>Virginia Dep't of Social Servs. v. Skeens</u>, 18 Va. App. 154, 442 S.E.2d 432 (1994). The judge then reduced father's monthly support obligation by $444 per month, the total amount of the monthly Social Security benefits payment received by the children. The decision to reduce father's ongoing monthly support obligation conforms with the holding in <u>Whitaker</u>, which held that the child support obligation was properly credited by the amount of Social Security benefits received by the children. <u>Whitaker</u>, 18 Va. App. at 205-06, 442 S.E.2d at 431-32.

<u>Skeens</u>, however, addresses the applicability of Social Security benefits previously paid as a credit against a child support arrearage. In <u>Skeens</u>, after analyzing decisions in other jurisdictions, we held:

> [A] dependent's Social Security disability benefits, although constituting an independent entitlement, are in the nature of support made in lieu of a disabled employee's earnings. However, whether the trial court credits the payment against an arrearage for court-ordered support depends upon the circumstances of each case and rests in the sound discretion of the trial judge.

10

Skeens, 18 Va. App. at 156, 442 S.E.2d at 433-34 (footnote omitted).  The rationale behind such a rule is that a request for a setoff against an arrearage "goes to the discharge procedure of vested support payments and not to the modification of vested support rights."  Id. at 159-60, 442 S.E.2d at 435.

> In our analysis, we stated:
>> The payment of money to the child's custodian in the form of Social Security payments is an indirect payment from the obligor parent for which the parent should receive credit. However, whether the obligor parent is entitled to credit for such payments against an accumulated arrearage presents a different problem and will depend upon a number of factors.

Id. at 158, 442 S.E.2d at 435.  The factors

> includ[e] but [are] not limited to the extent to which the original support award was sufficient or deficient in meeting the child's needs, whether any modification of the support award has been made based upon the parent's disability, or a change in the child's needs, or the parents' abilities to provide support independent of the Social Security payments, and whether both parents have acted in good faith.

Id. at 160, 442 S.E.2d at 436.

Here, the trial judge relied on the "clear and unambiguous" wording of the Consent Order that the arrearages would be paid out of the proceeds of father's personal injury award. Accordingly, there was no need for the trial judge to exercise discretion in weighing the various factors set out in Skeens. The parties had specifically agreed that the funds to be used

11

were to come from the personal injury award.  Their contract, exemplified by the consent decree thus displaced the need for application of the Skeens factors.  We find no error in the trial judge's ruling.

Finally, we deny mother's request for attorney's fees.

For these reasons, we affirm the judgment of the trial judge.

<u>Affirmed</u>.

Benton, J., concurring and dissenting.

I concur in the majority's decision to affirm the trial judge's ruling that Carl O. Patton, the father, failed to show a material change in circumstances justifying a modification in his child support obligation. I dissent, however, from the majority's conclusion that the trial judge did not err in refusing to use the lump sum Social Security payment received by the children to reduce the total amount of child support arrearages due.

In his opinion letter, the trial judge stated the following, in pertinent part:

> The central issue in each of these motions is the asserted "right of offset" for disability benefits potentially due the dependent children. The Court finds that with respect to the arrearages there is no such right. The Consent Order of June 14, 1995, reads in part: ". . . [The father] is hereby ordered to cause disbursement of all principal and interest accrued as a result of this judgment for arrearages to be made directly to [the mother] out of any such personal injury award to which [the father] is entitled." The language is clear and unambiguous, and the Consent Order is not subject to retroactive modification. In addition, at the time this offset was asserted there had been no payments of disability payments to the dependent children.

(Emphasis added). That ruling was an erroneous application of the law. In Virginia Dep't of Social Servs. v. Skeens, 18 Va. App. 154, 442 S.E.2d 432 (1994), this Court ruled as follows:

> Of those jurisdictions that have disallowed a credit, most have done so on the theory that application of Social Security

14

payments to reduce a child support arrearage constitutes a retroactive modification of the child support award. We consider this . . . approach to be unsound.

When a trial court grants credit to a payor parent for Social Security benefits received by his children on account of his disability, the court does not alter the amount of child support that the parent has been ordered or is required to pay. The court simply allows a source of funds, indirectly attributable to a parent, to be used to satisfy the parent's court-ordered support obligation. Thus, <u>a circuit court does not retroactively modify a child support award or forgive an accumulated arrearage by crediting a dependent child's Social Security benefits to satisfy a support obligation</u>.

<u>Id.</u> at 159, 442 S.E.2d at 435 (citations omitted) (emphasis added).

The majority concludes that because the parents had already entered into the agreement contained in the Consent Order, the trial judge was not required "to exercise discretion in weighing the various factors set out in <u>Skeens</u>." I disagree.

"When addressing matters concerning a child . . . the paramount consideration of a trial [judge] is the child's best interests." <u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). Trial judges are vested with discretion to render decisions that protect the child's best interests. <u>See</u> <u>id.</u> "[P]arents cannot, by agreeing upon the amount or conditions, prevent a court from exercising its authority to determine child support." <u>Watkinson v. Henley</u>, 13 Va. App. 151, 157, 409 S.E.2d 470, 473 (1991); <u>cf.</u> <u>Kelley v.</u>

15

*Kelley*, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994) (holding that a child support agreement, which effectively eliminated one spouse's responsibility to support the child and diminished the court's power to determine support, was void). Accordingly, I disagree with the majority's assertion that the parents' "contract, exemplified by the consent decree . . . displaced the need for application of the *Skeens* factors."

Because the record clearly reveals that, rather than apply the *Skeens* factors, the trial judge arrived at a legally erroneous conclusion, I would remand the case to the trial judge for reconsideration of the refusal to allow an offset.