COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


GARY S. MOSLEY
                                          OPINION BY
v.   Record No. 2851-98-2           JUDGE LARRY G. ELDER
                                         NOVEMBER 2, 1999
DONNA S. MOSLEY


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                   William R. Shelton, Judge

          Denis C. Englisby (Englisby & Englisby, on
          brief), for appellant.

          No brief or argument for appellee.


     Gary S. Mosley (husband) appeals from an order of the

circuit court refusing his request for certain credits against

accrued arrearages of spousal support and retirement benefits

due to Donna S. Mosley (wife) pursuant to the parties' final

decree of divorce.  Husband contends that social security

disability payments made to wife on behalf of the parties' child

as a result of husband's disability, to the extent those

payments exceeded amounts husband owed for child support, should

have been credited against finite arrearages of spousal support

and retirement benefits he owed wife.  We hold that wife held

those excess sums for the benefit of the child and, therefore,

that husband is not entitled to credit as against obligations

owed to wife in her capacity as a former spouse rather than as a

custodial parent.  Accordingly, we affirm the trial court's ruling.

I.

FACTS

Pursuant to a final decree of divorce, as part of the equitable distribution award, the court ordered husband to pay wife a portion of his military retirement benefits.  The court also ordered husband to pay spousal and child support.  Husband failed to pay wife the ordered share of his military retirement pay.  Husband also failed to pay the ordered spousal support that was payable until wife remarried.  The court found that the amount of the accrued spousal support arrearage for the period of approximately twelve months was $7,843.32 and that the accrued retirement benefit arrearage was $16,320 at the time of the hearing.

Husband made all child support payments, in the ordered amount of $276 per month, through July 1996.  By that time, husband had become disabled and had begun receiving social security disability payments.  Beginning in August 1996, wife received $515 per month which was paid to her directly from husband's disability benefits for the benefit of the parties' child.

By motion filed May 19, 1997, husband moved the court to reduce the amount of his child support obligation based on husband's disability and resulting reduction in income.  The

trial court granted the motion, reduced the amount to $201 per month and made the reduction effective retroactive to the filing of husband's May 1997 reduction motion.

Husband thereafter sought a credit, against his arrearages of retirement benefits and spousal and child support, for the $515 monthly social security disability payments made to wife for the benefit of their child. The trial court found that husband was in arrears, as set out above, in his payments of retirement benefits and spousal and child support. It calculated an arrearage of child support but ruled, as wife had agreed, that husband was entitled to credit for the disability payments made to wife on behalf of the child and that these payments extinguished the accumulated child support arrearage. It did not allow husband credit for the overpayment against the spousal support or retirement benefit arrearages.[1]

## II.

### ANALYSIS

We previously have held that when a portion of a non-custodial parent's social security disability benefits are paid to a custodial parent on behalf of the parties' child, those monies constitute an indirect payment from the

---

[1] The trial court entered judgment against husband for the accrued spousal support and retirement pay arrearages. It also directed, pursuant to federal statute, that the Department of Defense divert a specified portion of husband's military retirement and pay it directly to wife until the judgment for the spousal support arrearage is satisfied.

non-custodial parent for which that parent should receive prospective credit against an ongoing child support award.  See Whitaker v. Colbert, 18 Va. App. 202, 205-06, 442 S.E.2d 429, 431-32 (1994) (also holding that amount of social security payment should be imputed as income to non-custodial parent under Code § 20-108.2(C) for purposes of calculating amount of child support owed).  This is so because

> [t]he social security benefits received by the children are not gratuities, but are entitlements earned by [the non-custodial parent] through his earlier employment. They are a substitute for his lost ability to provide for the children through the fruits of future employment.  They are much the same as benefits under a disability insurance policy.

Id. at 205-06, 442 S.E.2d at 431.  "The sole and express purpose of social security dependent benefits is to support dependent children."  In re Marriage of Henry, 622 N.E.2d 803, 809 (Ill. 1993) (citing Jimenez v. Weinberger, 417 U.S. 628, 634, 94 S. Ct. 2496, 2500, 41 L. Ed. 2d 363, 369 (1974)).  "Thus, the source and the purpose of social security dependent benefits are identical to the source and purpose of child support-both come from a non-custodial parent's wages or assets and both provide for the needs of the dependent child."  Id.

   We also have held that a court may, in its discretion, award a non-custodial parent credit for such payments against an accumulated arrearage of child support.  See Department of Soc.

Servs. v. Skeens, 18 Va. App. 154, 159-60, 442 S.E.2d 432, 435-36 (1994).

> Whether a trial court elects to credit all or a portion of Social Security payments against [an accumulated arrearage of] a court-ordered support obligation should depend upon a number of factors, including but not limited to the extent to which the original support award was sufficient or deficient in meeting the child's needs, whether any modification of the support award has been made based upon the parent's disability, or a change in the child's needs, or the parents' abilities to provide support independent of the Social Security payments, and whether both parents have acted in good faith.

Id. at 160, 442 S.E.2d at 436. In Skeens, we noted that, although the father should not be rewarded for allowing his child support payments to fall into arrears, the record contained no indication that he had any source of income or assets other than his social security disability benefits from which his support obligation or arrearage could be paid. See id. As a result, we held the trial court did not abuse its discretion in ruling that "equity required" such a credit. See id.

In the case of a credit for an accumulated arrearage of child support, we have rejected the argument that such a credit constitutes a retroactive modification of the child support award. See id. at 158-59, 442 S.E.2d at 435. In granting such a credit, "the court does not alter the amount of child support that the parent has been ordered or is required to pay. The

court simply allows a source of funds, indirectly attributable to a parent, to be used to satisfy the parent's court-ordered [child] support obligation. Id. at 159, 442 S.E.2d at 435. Such an approach is in keeping with the more general principle that "[a] court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming payment substantially satisfies the purpose and function of the support award." Id. at 158, 442 S.E.2d at 435.

We have not heretofore considered whether any excess social security disability payments, above and beyond the amounts necessary to satisfy current or past-due child support obligations, may be credited against a spousal support award or retirement benefits due under an equitable distribution award. In this appeal, appellant asks us to apply both past and future excess disability payments made to his former wife for the benefit of their child to satisfy a finite arrearage of spousal support and a finite sum of unpaid retirement benefits due pursuant to the equitable distribution award. We hold that the credits he seeks are not available under Virginia law, and we affirm the trial court's ruling.

The social security disability benefits received by wife are for the benefit of the parties' child. See Whitaker, 18 Va. App. at 205-06, 442 S.E.2d at 431-32; see also Henry, 622 N.E.2d at 809. Although our case law permits these sums, to the extent

they exceed husband's ongoing monthly child support obligation, to be applied to child support arrearages in the discretion of the court, see Skeens, 18 Va. App. at 159-60, 442 S.E.2d at 435-36, we hold that any additional excess sums nevertheless are for the benefit of the child and may not be credited against obligations owed to wife in her capacity as a former spouse rather than as a custodial parent.

The principles governing credit for non-conforming support payments make this clear. "As a general rule, the obligor spouse may not receive credit for non-conforming . . . support payments. The rule is intended to avoid 'continuous trouble and turmoil.'" Wilderman v. Wilderman, 25 Va. App. 500, 505-06, 489 S.E.2d 701, 704 (1997) (quoting Henderlite v. Henderlite, 3 Va. App. 539, 542, 351 S.E.2d 913, 914 (1987)) (citation omitted). Ordinarily, "two conditions must exist before credits will be given for non-conforming payments: (1) an agreement by the parties which modifies the terms or method of payment; and (2) no adverse affect on the support award." Id. at 506, 489 S.E.2d at 705; see Buxbaum v. Buxbaum, 20 Va. App. 181, 184-86, 455 S.E.2d 752, 754-55 (1995) (refusing to allow husband credit against future spousal support obligation for additional payments made under terms of child support agreement because no agreement between parties to that effect). However, "an 'unequivocal agreement' may not be necessary where non-conforming support payments 'substantially satisf[y] the

purpose and function of the support award . . . and [do] not vary the support award.'" Wilderman, 25 Va. App. at 508, 489 S.E.2d at 706 (quoting Skeens, 18 Va. App. at 158, 442 S.E.2d at 435).

We hold that a non-custodial parent's social security disability benefits paid to the custodial parent, beyond those amounts needed to satisfy current and past-due child support, do not, as a matter of law, "substantially satisf[y] the purpose and function of [a spousal] support award." See id. (emphasis added). Spousal support is awarded based on the circumstances that existed during the parties' prior marriage. See, e.g., Brown v. Brown, 5 Va. App. 238, 246, 361 S.E.2d 364, 368 (1987). Social security disability payments do not depend on the circumstances during the parties' prior marriage; those payments are solely for the benefit of the child and are based on the child's status as a dependent of the disabled parent. See, e.g., Henry, 622 N.E.2d at 808-09. Further, the custodial parent, in effect, receives the social security disability "in a kind of fiduciary capacity, with the obligation to expend it for the support of the [parties'] child[]." Poland v. Poland, 895 S.W.2d 670, 672 (Mo. Ct. App. 1995) (holding husband was not entitled to offset monies he owed wife for child support against monies wife allegedly owed him pursuant to property settlement agreement because wife received child support monies in trust for benefit of children). Therefore, we hold that a disabled,

- 8 -

non-custodial parent may not receive credit for social security disability payments in excess of that due for child support as against past-due spousal support.[2]  For the same reasons, we hold that the non-custodial parent also may not receive credit against monies due his former spouse pursuant to an equitable distribution award.  See, e.g., Lightburn v. Lightburn, 22 Va. App. 612, 619, 472 S.E.2d 281, 284 (1996) (noting that purpose of equitable distribution award is to divide marital wealth and that "'[t]he clear legislative intent embodied in [statutes] is to maintain an appropriate separation between considerations of child or spousal support and considerations of an equitable distribution of marital wealth'" (citation omitted)).

For these reasons, we affirm the trial court's ruling.

Affirmed.

---

[2] We do not decide whether payment of monthly disability benefits in excess of the amount of court-ordered child support may serve as a material change in circumstances justifying modification of an ongoing spousal support award.  Here, husband's spousal support arrearages accumulated before husband became disabled and, therefore, were fixed and not subject to modification.