# CIRCUIT COURT OF THE CITY OF ROANOKE

Division of
Child Support Enforcement

v.

Bonnie Snelling
and Charles F. Snelling

November 22, 1999

Case No. CH99000799-00

BY JUDGE ROBERT P. DOHERTY, JR.

The father was ordered to pay child support to his ex-wife for the benefit of the parties' infant son but allowed a large arrearage to accrue. The father ultimately applied for Social Security disability benefits and received a retroactive award, a portion of which was designated for the benefit of his child. That retroactive lump sum, which exceeded the amount of the child support arrearage, was mailed directly to the child because he had by then reached the age of majority. The father claims that the lump sum payment for the benefit of the child should be credited in satisfaction of his child support arrearage judgment. The mother argues that since she has received no funds in payment of the arrearage judgment, it should not be marked satisfied. The Court agrees with the mother.

The Juvenile and Domestic Relations District Court entered a continuing child support judgment against the father, which was to be satisfied by paying a certain sum of money every two weeks. When that judgment was not paid, an arrearage built up. The arrears judgment, which vested as it accrued, could only be satisfied by payment. In most instances, the satisfaction of such a judgment is accomplished by paying money to the judgment creditor. "A Court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-

conforming payment substantially satisfies the purpose and function of the support award ... ." *Commonwealth v. Skeens*, 18 Va. App. 154, 158 (1994). See also *Acree v. Acree*, 2 Va. App. 151, 152 (1986).

Social Security disability payments can constitute a non-conforming payment and under certain circumstances can be used to curtail a child support arrearage judgment. See *Mosley v. Mosley*, 30 Va. App. 828 (1999), and *Whitaker v. Colbert*, 18 Va. App. 202 (1994). In the instant case, the mother is the judgment creditor. The vested child support arrearage judgment is owed to her by the father. The fact that the federal government chose to pay a lump sum of money to the adult child of the parties in no way lessens the father's obligation to pay the vested child support arrearage judgment owed to the mother. Payment of money to the adult child does not substantially satisfy the purpose and the function of the support award, nor would equity be served by such a finding. Any setoff against the child support judgment for the payment of Social Security benefits can only occur if the benefit is received, either directly or indirectly, by the judgment creditor. The judgment in favor of the mother is not altered by the lump sum Social Security payment to the adult child.