# CIRCUIT COURT OF ROANOKE COUNTY

Ardis B. Gregory

v.

Thomas R. Gill, Jr.

August 8, 2006

Case No. CL06-306

BY JUDGE ROBERT P. DOHERTY, JR.

Father built up a child support arrearage of $17,284.51 during a period of time for which he had applied for Social Security Disability benefits. He ultimately received an award of arrears and current monthly benefits for himself and for his children. The lump sum award for retroactive payments accruing for the benefit of his infant children in the amount of $16,119.51 was paid directly to the children's mother. The Juvenile and Domestic Relations District Court for the County of Roanoke (J&D Court) applied the children's lump sum benefits to the child support arrears, leaving a balance due of $1,165.00. Mother argues that, because Father could have paid the child support as previously ordered but willfully refused to do so, he is before this Court without clean hands, and therefore should not receive the windfall arrears credit granted by the J&D Court. The Court finds that the lump sum award was properly applied.

In this particular case, the social security benefits received for the children "are not gratuities, but are entitlements earned by the [Father] through his previous employment. . . . They are much the same as benefits under a disability insurance policy." *Whitaker v. Colbert*, 18 Va. App. 202, 205-06 (1994). Here, Father had applied for the disability benefits before his arrearage accrued. His court ordered support payments were simply greater than the benefits provided by the Social Security Administration. The lump sum of the accrued dependent benefits from social security was paid directly to Mother.

Treating those funds as a partial repayment of the child support judgment owed to the custodial parent does not create a windfall for either party or their children. Such a procedure complies with existing law and satisfies one of the purposes of the Social Security Act. See *Mosley v. Mosley*, 30 Va. App. 828 (1999).

The comparison of the facts in this case with those in *Division of Child Support Enforcement v. Snelling*, 50 Va. Cir. 427 (1999), is misplaced. In *Snelling*, the retroactive payments from the Social Security Administration were not used to curtail the child support arrearage judgment because they had been paid to the adult son, and not to the judgment creditor, as they were in this case. Father owes $1,165.00 in child support arrearages through February 2006, none of which has been repaid through August 2, 2006, the date of this hearing. Counsel for Mother should prepare an appropriate order, incorporating this letter opinion by reference, waiving Father's endorsement and referring this matter back to the J&D Court.