### 33303. BELL v. EDWARDS.

JORDAN, Justice.

Margaret Bell filed a caveat to the will of Sylvester Edwards. The caveat was denied and the will probated in solemn form. She appealed to the superior court. At the conclusion of a trial before a jury the trial judge directed a verdict in favor of the propounder of the will. Margaret Bell appeals to this court from the judgment entered on the verdict. The only error enumerated is the direction of the verdict.

The appellant claims to be the illegitimate child of the testator. In pre-trial conference it was agreed by the parties that the issue of paternity would not be decided in the present case.

The appellant concedes that the will was duly executed, and the only question made by her is whether Sylvester Edwards had the requisite testamentary intent in executing the will.

Sylvester Edwards executed his will in 1945, leaving

all of his property to his brother, John Williams Edwards, the propounder of the will. On the same date that the will was executed, John Williams Edwards conveyed real property owned by him to Sylvester Edwards. The evidence indicates that John Williams Edwards was having marital problems at that time, and the purpose for his deed was to prevent his wife from obtaining the property in the event of a divorce. In 1951 Sylvester Edwards reconveyed this property to his brother. He died June 17, 1972.

The appellant contends that the evidence shows that the purpose for the will was to protect John Williams Edwards in the event Sylvester Edwards died before reconveying the property. Conceding that the evidence indicates this purpose, this would not prove that Sylvester Edwards did not have testamentary intent.

The evidence showed that Sylvester Edwards was illiterate, but there is no evidence that he was deceived as to the contents of the will, and no evidence that he did not intend to leave all of his property to his brother.

The verdict directed was demanded by the evidence. *Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1978 — DECIDED MARCH 8, 1978.

*Jean Laramore,* for appellant.
*John Hancock, Neal D. McKenney, Richard B. Thornton,* for appellee.