**Diann A. ISLER, Plaintiff-Appellant,**

v.

**Thomas J. ISLER, Defendant-Appellee.**

**No. 1–1280A371.**

Court of Appeals of Indiana,
First District.

Sept. 15, 1981.

Robert A. Kelso, New Albany, for plaintiff-appellant.

Virgil E. Bolly, Sellersburg, for defendant-appellee.

## ON PETITION FOR REHEARING

NEAL, Presiding Judge.

In his petition for rehearing Thomas asks us to reconsider the rule recited in our original opinion, 422 N.E.2d 416, which in effect denies an obligated parent any credit for nonconforming payments of support where no modification of the decree was obtained. Upon reexamination, we are of the opinion that some relaxation of the seemingly inflexible rule is indicated. We remanded the cause for retrial of the issue of the computation of arrearages. That order remains in effect, but we deem it necessary to elaborate upon the original opinion to instruct the court upon retrial. At issue here is the trial court's failure to permit the parties to explore sufficiently the reasons behind the circumstances of Kent and Kreig's residence in Thomas's home for four and five years, respectively.

An analysis of the fact situations involved in the relevant cases is necessary. In *Whitman v. Whitman,* (1980) Ind.App., 405 N.E.2d 608, the court denied credit claimed by obligated parent for expenditures made during a May to August visitation for clothing, toys, food, and entertainment. In *Jahn v. Jahn,* (1979) Ind.App., 385 N.E.2d 488, the court refused an obligated parent's request for credit against support when the children were with him for more than a weekend, on a temporary basis. In *Haycraft v. Haycraft,* (1978) Ind.App., 375 N.E.2d 252, the obligated parent had the children in his custody only two months, and the court refused to give him credit for support during that time. In *Reffeitt v. Reffeitt,* (1981) Ind.App., 419 N.E.2d 999, an attempted pro rata reduction of an undivided support order as each child became emancipated was disallowed. In *Ross v. Ross,* (1979) Ind.App., 397 N.E.2d 1066, the court held that the emancipation of one or more of the children does not effect a pro rata reduction of an individual support order. In *Stitle v. Stitle,* (1964) 245 Ind. 168, 197 N.E.2d 174, the Supreme Court, after affirming the trial court's determination that a child was not emancipated, stated that support was required to be paid in the manner and amount and at the times stated in the order, and that the trial court was without power to abate it once it had accrued. Finally, in *Breedlove v. Breedlove,* (1981) Ind.App., 421 N.E.2d 739, credit was refused for direct payments, and in *In Re Marriage of Honkomp,* (1978) Ind.App., 381 N.E.2d 881, the court held that the obligated parent could not set off support payments against a debt owed him by the custodial parent in her individual capacity. The rationale for the rule regarding the denial of credit for nonconforming payments is the promotion of consistency in enforcement orders and the avoidance of continuous trouble and turmoil.

However, the Indiana authorities are not unanimously in support of such an inflexible rule. Opposed to the above cases is *Franklin v. Franklin,* (1976) 169 Ind.App.

537, 349 N.E.2d 210, wherein the court approved a ruling crediting the obligated parent for payments for the few weeks the children were with him. Also, in *Whitman, supra,* at 614–615, Judge Sullivan concluded his concurring opinion as follows:

"Our decision here does not preclude, for all time and in all possible circumstances, the application of equitable considerations to give credit for support paid in a form, manner, or at times insignificantly different from that ordered with great specificity."

No Indiana case has been cited where the credit claimed was denied when it grew out of circumstances in which the obligated parent assumed the physical custody and full support of the child on an extended, permanent basis.

*Whitman, supra,* contains an analysis of decisions in other jurisdictions which demonstrates a split of authority. Some states have allowed credit to the obligated parent under certain, narrow circumstances, i. e., where the obligated parent had assumed custody or had made direct payments as required by the compulsion of circumstances, equitable considerations required credit for these expenditures to the extent that they constituted a substantial compliance with the spirit of the decree. *Steckler v. Steckler,* (1956) Mo.App., 293 S.W.2d 129; *Headley v. Headley,* (1964) 277 Ala. 464, 172 So.2d 29. It has been held that a parent trustee of the support funds may designate or consent to an alternative method of payment, that, when made in accordance with instructions, constitutes payment to the custodial parent. *M. v. M.* (1958) Mo.App., 313 S.W.2d 209 (payments made to grandparents who had physical custody of the children). In such circumstances, requiring the obligated parent to pay again would result in unjust enrichment. *See Webb v. Webb,* (1971) Mo.App., 475 S.W.2d 134.

We are of the opinion that the seemingly inflexible rule recited in *Whitman, supra,* may be softened somewhat by equitable considerations. We are in complete agreement with the decision *Whitman, supra,* and the other cases on their facts. We

further support the rationale and the effort to promote stability. However, we will not affirm the application of the inflexible rule in all cases and under all circumstances. Suppose, for an extreme example, the custodial parent delivers infant children to the obligated parent and, unfettered by the obligations and expense of child rearing, pursues his or her own carefree lifestyle. Meanwhile, the obligated parent, unwisely without modification of the decree, raises the children to maturity at his or her own expense, only to be faced, at the end of that time, with a demand by the custodial parent for tens of thousands of dollars in arrearages. Permitting recovery under such circumstances would shock the conscience of the average person. Yet, such a result is within the logical extension of a rigid application of the rule.

The cases where the rule has been applied, as shown by the analysis above, can be divided into two general categories. Those cases in the first category involve expenditures made during short visits and summer vacations, gifts, direct payments in cash, and the like, which are characterized as nonconforming payments. The necessity for, and existence of, such nonconforming payments is not easily susceptible of proof, and is a source of much post-divorce strife. Usually the amount of the payment is not substantial. Ind.Code 31–1–11.5–13 (Supp. 1980) authorizes the court to order, and most decrees in fact provide, that all support payments be made to the clerk's office as immutable proof, and for this reason the courts reject any claim for credit other than payments in the prescribed manner. Such a system promotes stability.

Those cases in the second category involve indivisible support orders for several dependent children and unilateral attempts by obligated parents to reduce the support pro rata as the children become emancipated. Ordinarily, in those circumstances, the original support order was inadequate in the first place, but was all the obligated parent could reasonably pay. The court, by denying the pro rata reduction, makes available to fewer children the amount of

support originally ordered, thus easing, to some extent, the custodial parent's straitened economic circumstances. Any order reducing the support must follow the court's thorough consideration of whether the support order is excessive for the remaining children.

We are of the opinion that a narrow exception to the rule may exist in a case where the obligated parent, by agreement with the custodial parent, has taken the child or children into his or her home, has assumed custody of them, has provided them with food, clothing, shelter, medical attention, and school supplies, and has exercised parental control over their activities and education for such an extended period of time that a permanent change of custody is demonstrated. In such a case the court may, in its sound discretion, allow credit against the accrued support for the reason that the obligated parent has merely furnished support in a different manner under circumstances easily susceptible of proof. Such a result would be equitable, and would not conflict with the holdings of the reported cases.

The petition for rehearing is denied.

ROBERTSON and RATLIFF, JJ., concur.