## Salem

### COMMONWEALTH OF VIRGINIA, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, ex rel. COMPTROLLER OF VIRGINIA

v.

### DANNY SKEENS

No. 2427-92-3

Decided April 5, 1994

COUNSEL

Donnie W. Salyers, Special Counsel (Betsy S. Elliott, Senior Special Counsel, on brief), for appellant.

Sherry Lee Wilson (Client Centered Legal Services of Southwest Virginia, Inc., on brief), for appellee.

Opinion

**COLEMAN, J.**—In this appeal, the Division of Child Support Enforcement of the Virginia Department of Social Services (Department) contends that Social Security disability benefits[1] payable to the dependent children of Danny Skeens, a disabled worker, should not be treated or credited as support payments to satisfy an arrearage in his court-ordered support. The Department argues that Social Security payments are a form of insurance payable to a designated beneficiary or a statutory entitlement payable to a disabled employee's dependents for which the parent should not receive credit toward a court-ordered child support obligation. We hold that a dependent's Social Security disability benefits, although constituting an independent entitlement, are in the nature of support made in lieu of a disabled employee's earnings.[2] However, whether the trial court credits the payment against an arrearage for court-ordered support depends upon the circumstances of each case and rests in the sound discretion of the trial judge. In the case of Danny Skeens, we hold that the trial court did not abuse its discretion, under the circumstances, in crediting the accumulated Social Security benefits payable to his dependent children against his court-ordered support arrearage.

In 1986, the trial court had held Danny Skeens in contempt for failing to pay court-ordered child support. At the time, the court ordered Skeens to pay $200 per month child support and $100 per month on an accumulated arrearage of $8,261.97. The record does not show whether the order to pay $200 per month was a continuation or modification of the amount of the previous award. The trial judge told Skeens in 1986 that "no further delinquencies will be tolerated and any change in circumstances must immediately be followed up with a petition to decrease or contempt sanctions will be imposed." Skeens was told "to immediately notify the court of any change in employment, layoff, reduction in wages or

---

[1]    42 U.S.C. § 402(d)(1)(A) (1992) provides that when a disabled worker with dependent children establishes entitlement to Social Security disability benefits, the dependent child or child's custodian need only file an application with the Social Security Administration to be paid benefits independent of the recipient.

[2]    *See Whitaker v. Colbert*, 18 Va. App. 202, 442 S.E.2d 429 (1994) (holding that Social Security payments to a disabled parent are income for purposes of computing child support, and Social Security payments to a dependent child shall be credited prospectively against a child support award in which Social Security payments have been considered).

hours worked." At the time, Skeens apparently was disabled and receiving workers' compensation benefits.

Skeens never returned to gainful employment after 1986 because he was totally and permanently disabled. In January 1988, Skeens's workers' compensation benefits ended, and he began receiving Social Security disability benefits, which were his sole source of income. The record is silent as to whether Skeens had any other assets. After Skeens began receiving Social Security benefits, he did not notify the court that his circumstance had changed, nor did he petition for a modification of his support obligation.

Skeens's court-ordered obligation to pay $200 a month in child support ended in September 1991, when his youngest child became eighteen. At that time, Skeens was in arrears in the amount of $14,017.14. The Department, which had been paying Skeens's former wife aid to dependent children, issued a mandatory withholding of earnings order directed to the Social Security Administration to collect the support arrearage by withholding a designated amount from Skeens's monthly Social Security benefits.[3] Skeens petitioned the court to quash the withholding order and to determine the arrearage and, in doing so, to allow him credit for $7,086.10, the amount that the Social Security Administration had paid to his children in dependents' benefits on account of his disability. The circuit court denied the motion to quash, but ruled that "equity dictates that Mr. Skeens receive credit for these benefits." The court credited the entire $7,086.10 that had been paid to the children against the $14,017.14 arrearage and declared the balance in arrears to be $6,931.04.[4]

---

[3] The Department is subrogated to the rights of Skeens's former wife to receive child support as a result of the Department having paid her Aid to Families with Dependent Children. Code § 63.1-251. As a result of subrogation, the entire amount of Skeens's child support arrearage is owed to the Commonwealth.

[4] We dismiss as without merit the Department's claim that this appeal should be dismissed because Skeens failed to post an appeal bond in accordance with the requirements of Code § 16.1-107 when he appealed from the Buchanan County Juvenile and Domestic Relations Court to the circuit court. An appeal bond is required of a party applying for an appeal from an order of a juvenile and domestic relations district court . . . establishing a support arrearage or suspending payment of support during the pendency of an appeal. Code § 16.1-107. *See also Scheer v. Isaacs*, 10 Va. App. 338, 339-40, 392 S.E.2d 201, 202-03 (1990) (appeal bond required prior to husband's appeal from Juvenile and Domestic Relations Court judgment establishing child support arrearage of $67,805). The Juvenile and Domestic Relations proceeding from which Skeens appealed was his mo-

The Department contends that the trial court's ruling is error because it, in effect, amounts to a retroactive modification of the child support order and a modification of a vested final judgment.

■ Child support payments required under a valid court order become vested as they accrue, and the court is without authority to make any change as to past due installments. *Cofer v. Cofer*, 205 Va. 834, 838-39, 140 S.E.2d 663, 666-67 (1965); Code § 20-112. Generally, the terms of a support decree must be strictly complied with and payments made when due to the designated payee in accordance with the terms of the decree. *See Fearon v. Fearon*, 207 Va. 927, 930-31, 154 S.E.2d 165, 167 (1967); *Newton v. Newton*, 202 Va. 515, 518, 118 S.E.2d 656, 658 (1961). When changed circumstances dictate a modification of a support decree, the appropriate remedy is for the party to petition the court to modify the decree. The party or parties may not unilaterally or bilaterally vary its terms. *Id.*

■ However, although a court may not retroactively modify a child support obligation, allowing a payor spouse credit for non-conforming support payments, in the limited situations where permitted, is not a modification of a support order. *See Acree v. Acree*, 2 Va. App. 151, 152, 342 S.E.2d 68, 69 (1986). A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming payment substantially satisfies the purpose and function of the support award, *see Acree*, 2 Va. App. at 152, 342 S.E.2d at 69, and to do so does not vary the support award. The payment of money to the child's custodian in the form of Social Security payments is an indirect payment from the obligor parent for which the parent should receive credit. *See supra* note 2. However, whether the obligor parent is entitled to credit for such payments against an accumulated arrearage presents a different problem and will depend upon a number of factors.

■ Other jurisdictions which have held that Social Security benefits are to be credited against a support award have based their holdings on the view that the purpose of a child support or-

---

tion to quash the Department's withholding order and his motion to be allowed credit for Social Security benefits paid to his children. The order did not establish a support arrearage or enter judgment for an arrearage. Accordingly, no appeal bond was required by Code § 16.2-107, and the circuit court did not err in so ruling.

der is satisfied when Social Security disability benefits are paid to a dependent child. Regardless of the source of payment, if the child support is paid, the order is satisfied, and the parent on whose account payment is made should receive credit. "The use of Social Security payments to satisfy a child support obligation is merely a change in the manner of payment; the nature of the funds is the same." *McClaskey v. McClaskey*, 543 S.W.2d 832, 834 (Mo. Ct. App. 1976). *See also Horton v. Horton*, 132 S.E.2d 200, 201 (Ga. 1963); *Davis v. Davis*, 449 A.2d 947, 948 (Vt. 1982); *Potts v. Potts*, 240 N.W.2d 680, 682 (Iowa 1976).

Of those jurisdictions that have disallowed a credit, most have done so on the theory that application of Social Security payments to reduce a child support arrearage constitutes a retroactive modification of the child support award. *See, e.g., Chase v. Chase*, 444 P.2d 145, 149-50 (Wash. 1968); *Moritz v. Moritz*, 368 N.W.2d 337, 341-42 (Minn. Ct. App. 1985); *In re Marriage of Cope*, 619 P.2d 883, 889 (Or. Ct. App. 1980). We consider this latter approach to be unsound.

When a trial court grants credit to a payor parent for Social Security benefits received by his children on account of his disability, the court does not alter the amount of child support that the parent has been ordered or is required to pay. The court simply allows a source of funds, indirectly attributable to a parent, to be used to satisfy the parent's court-ordered support obligation. Thus, a circuit court does not retroactively modify a child support award or forgive an accumulated arrearage by crediting a dependent child's Social Security benefits to satisfy a support obligation. *See Board v. Board*, 690 S.W.2d 380, 381 (Ky. 1985) (holding that a difference exists between allowing a credit for payment made from another source and modifying the specific dollar amount).

A third approach, and the one that we find to be based on sound rationale when deciding whether to credit Social Security payments against a child support arrearage, is that the trial court has the discretion to grant or deny the payor parent credit, depending upon the circumstances.

The request before the trial court was to allow a setoff for Social Security benefits against the arrearage in child support. Such a request goes to the discharge procedure of

vested support payments and not to modification of vested support rights. The decision to grant or deny respondent's request . . . lies within the sound discretion of the trial judge.

*Department of Public Aid v. McNichols*, 611 N.W.2d 593, 595 (Ill. Ct. App. 1993). We find the Illinois court's reasoning persuasive, and we adopt a similar rule.

■ A rule giving the trial court discretion to grant credit, in whole or in part, or to deny credit against an arrearage, depending upon the circumstances, allows the judge to consider the equities of a given situation. Whether a trial court elects to credit all or a portion of Social Security payments against a court-ordered support obligation should depend upon a number of factors, including but not limited to the extent to which the original support award was sufficient or deficient in meeting the child's needs, whether any modification of the support award has been made based upon the parent's disability, or a change in the child's needs, or the parents' abilities to provide support independent of the Social Security payments, and whether both parents have acted in good faith. To adopt a rule that requires trial courts to always or never treat Social Security payments as satisfying an arrearage in court-ordered support would unduly restrict trial courts from taking into consideration factors or events that would justify different treatment. *See Farley v. Farley*, 412 S.E.2d 261, 265 (W. Va. 1991).

In this case, the trial judge determined that "equity dictates that [Danny] Skeens receive credit for these benefits." Insofar as we can ascertain from this record, Skeens's child support obligation had not been reduced or modified after he became disabled for purposes of Social Security benefits and after he began receiving Social Security benefits or after the children began receiving their dependent children's benefits. Although Skeens should not be rewarded for allowing his child support obligation to go unpaid and to fall in arrears, neither should he be penalized by disallowing him credit for payments that were made to his children from a source of funds that were payable on his account. There is no evidence that suggests that Skeens had any source of income or assets, other than his Social Security disability benefits, from which his support obligation or arrearage could be paid that would justify treating the payment to the children as independent support. Under these circumstances, the trial court did not abuse its discre-

tion by holding that "equity required" that Skeens be given credit on his accrued support obligation, thereby reducing his support arrearage to $6,931.04.

*Affirmed.*

Moon, C.J., and Willis, J., concurred.