COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


RALPH FRANKLIN BACON

v.   Record No. 1820-95-4                    MEMORANDUM OPINION*
                                                  PER CURIAM
PATRICIA LYNN BACON                          MARCH 19, 1996


                                        FROM THE CIRCUIT COURT OF
FAUQUIER COUNTY
                    Carleton Penn, Judge Designate

          (Vernon H. Miles, Sr., on brief), for appellant.

          (Robert A. Niles; Niles, Dulaney, Parker & Lauer, on
          brief), for appellee.


     Ralph Franklin Bacon (father) appeals the decision of the

circuit court finding him liable to Patricia Lynn Bacon (mother)

for child support arrearages.  Father argues that the care he

gave his children while they were living with him should be

credited against his nonconforming child support payments.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

          Under familiar principles we view [the]
          evidence and all reasonable inferences in the
          light most favorable to the prevailing party
          below.  Where, as here, the court hears the
          evidence ore tenus, its finding is entitled
          to great weight and will not be disturbed on
          appeal unless plainly wrong or without
          evidence to support it.

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

It was uncontested that father was required to pay $50 a month per child in child support to mother pursuant to the parties' Property Settlement and Separation Agreement signed on July 1, 1992 and incorporated into their final decree of divorce entered June 22, 1993. The parties agreed to have "joint care custody, and control" of the two children, who lived with father from January 1992 through October 1994. Father never sought to modify his child support obligation.

Code § 20-112 provides that "[n]o support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification . . . ." "Child support payments required under a valid court order become vested as they accrue, and the court is without authority to make any change as to past due installments." Commonwealth ex rel. Comptroller of Virginia v. Skeens, 18 Va. App. 154, 158, 442 S.E.2d 432, 434-35 (1994).

Unlike the situation in Acree v. Acree, 2 Va. App. 151, 157, 342 S.E.2d 68, 71 (1986), we find no evidence here that the parties agreed that father would no longer make child support payments. The agreement to pay $100 per month in child support was expressly set out in the final divorce decree, even though the children had been living with father for over a year at the time the decree was entered. Therefore, the decision of the

2

circuit court was not plainly wrong and was supported by the evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.