BENTON, Judge,
concurring and dissenting.
Because the evidence in the record supports the trial judge’s decision, I would affirm the judgment setting the arrearage at $620.89.
Recently, this Court clearly stated the following:
[Allowing a payor spouse credit for non-conforming support payments, in the limited situations where permitted, is not a modification of a support order. A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the nonconforming payment substantially satisfies the purpose and function of the support award and to do so does not vary the support award.
Commonwealth v. Skeens, 18 Va.App. 154, 158, 442 S.E.2d 432, 435 (1994) (citations omitted). In applying these principles on appeal, we view the evidence in the light most favorable to the *511 prevailing party, granting to that evidence all reasonable inferences properly deducible therefrom. See Martin v. Pittsylvania County Dep’t of Soc. Servs., 3 Va.App. 15, 20, 348 S.E.2d 13, 16 (1986).
The wife acknowledged in her testimony that she requested the Division of Child Support Enforcement (DCSE) to credit the husband’s outstanding support obligation in the amounts of $6,121.19 and $1,000, respectively. The wife made those requests because of agreements the wife and the husband made regarding the husband’s payment of child related expenses and performance of work on the wife’s automobile, all of which benefitted the child. The husband testified that he had fully performed those obligations except for the repair of the automobile. He testified that he had performed ninety percent of the repairs on the automobile when wife’s counsel caused the repairs to cease. The wife testified that the husband had only partially performed the obligations.
Finding a conflict in the testimony of the husband and the wife concerning the “evidence on these credits,” the trial judge considered as evidence the DCSE reports. The majority asserts that the trial judge specifically found that the “husband failed to prove he had provided consideration for the credits” and that the trial judge erred in relying on the DCSE records as evidence of consideration. I disagree with the majority’s characterization of the trial judge’s findings. The trial judge stated the following:
On the arrearage, it seems to me that the testimony of the parties is in direct conflict and so I can’t find that one party really prevailed by a preponderance of the evidence on these credits, so I’m forced to then look at DCSE, who has an obligation, it seems to me, to administer child support.
The J & DR Court obviously directed that these payments be made there and DCSE says the arrearages are 550 and some dollars, and so when I look at the testimony I’ve heard, I can’t find that one side prevailed by a prepon *512 derance of the evidence, I’m left with the DCSE figure, it seems to me.
So I find that the arrearages are as stated by DCSE.
Because the DCSE records were relevant to a determination of the arrearages due, I would hold that the trial judge did not err in considering them in rendering his decision.
The DCSE records proved that in December 1995 the wife requested DCSE to grant the first credit of $6,121.19. Two months later, the wife requested DCSE to grant the credit of $1,000. The trial judge could have concluded from the sequence of credits that when the wife notified DCSE to give the second credit, the wife was satisfied that the husband had performed his obligations relating to the December credit of $6,121.19.
As to the $1,000 credit, the wife and husband agree that it was for car repairs. The husband testified that the repairs were ninety percent complete and he detailed the mechanical repairs he had made. The wife testified that she gave the car to the husband for repairs and that the repairs were not completed to her satisfaction. She did not dispute the husband’s testimony that he replaced the timing belt, balanced and rotated the tires, repaired the brakes, tuned the engine, and changed the oil. More significant, the DCSE records do not reflect that the wife ever disputed the $1,000 credit or sought to have DCSE remove the credit.
Based upon the ore terms evidence and the exhibits presented at the hearing, the trial judge found that the arrearage was precisely the amount shown on the DCSE records. Because the evidence supports that finding, we are required to affirm the decision. See Martin, 3 Va.App. at 20, 348 S.E.2d at 16.