## CIRCUIT COURT OF FAIRFAX COUNTY

Haupt, Jr.

v.

Haupt

March 27, 2000

Case No. (Chancery) 129086

BY JUDGE JONATHAN C. THACHER

This matter came before the court on February 25, 2000, and was taken under advisement to rule on Defendant's right to child support arrearages. This Court finds that Complainant has satisfied his support obligations consistent with the holding in *Acree v. Acree*, 2 Va. App. 151, 243 S.E.2d 68 (1986). Defendant's Motion to Specifically Enforce the Support Order is denied.

Complainant's counsel alleges that in late 1997, the parties agree that the older daughter would reside full time with the Complainant. That assertion was not disputed by Defendant's counsel. Complainant's counsel further states that by agreement of the parties, child support payments were reduced from $800.00 monthly to $250.00 monthly. Although there is agreement that the parties did not move to modify the support ordered in the divorce decree, there is dispute as to whether or not the reduction in support was agreed to by both parties. Payments were made from December 1997 through December 1999 in the amount of $250.00 per month. No Rules to Show Cause or Motions to Enforce the Court Order were filed during that period.

Although the facts of this case are not exactly those presented in *Acree*, this court finds that by agreement of the parties, there was a permanent change of custody of one child and that although there is a dispute as to the agreement to modify support, the Defendant acted as if that agreement had been made. The decision whether to grant credit for non-conforming support payments in consideration of the equities of a given situation is committed to the discretion

of the trial court. *Commonwealth v. Skeens*, 18 Va. App. 154, 160, 442 S.E.2d 432, 436 (1994). Because the non-conforming method by which support was provided in *Acree* and *Skeens* satisfied the purpose and function of the respective support awards and did not vary them, the best interests of the children were protected and the non-conforming methods of payment were upheld. *Wilderman v. Wilderman*, 25 Va. App. 500 (1997). This Court finds that the non-conforming support in this case satisfied the purpose and function of the support award, did not thwart the best interests of the child, and thus the Motion to Enforce the Support Order is denied.