ELDER, Judge.
Susie Virginia Gallagher (mother) appeals from a ruling of the Circuit Court of Fairfax County (trial court) which award *473 ed her former husband, Patrick Stephen Gallagher (father), credit for non-conforming child support payments following the parties’ mediated adjustment of their joint physical custody arrangement. On appeal, mother contends the trial court erroneously (1) applied the exception established in Acree v. Acree, 2 Va.App. 151, 342 S.E.2d 68 (1986), to father’s court-ordered child support obligation to effect an improper retroactive modification of support; (2) admitted into evidence father’s exhibit of comparative household expenditures; and (3) denied mother’s request for attorney’s fees. A panel of this Court disagreed with mother’s contentions and, with one judge dissenting, affirmed the ruling of the trial court. See 32 Va.App. 714, 530 S.E.2d 913 (2000). We granted mother’s petition for rehearing en banc and stayed the mandate of that decision.
On rehearing en banc, we reverse the ruling of the trial court insofar as it applied Aeree to hold father owed no child support arrearage. We expressly limit Aeree’s holding to cases in which the payee spouse relinquishes physical custody entirely. Here, because mother and father effected a less-than-complete shift in physical custody, the trial court abused its discretion in applying Aeree to permit a modification of the child support award. Thus, father’s exhibit of comparative household expenditures was irrelevant to the proceedings and was improperly admitted into evidence. However, because the parties jointly agreed to modify the agreement and father complied with its terms, we affirm the trial court’s denial of wife’s request for attorney’s fees pursuant to the agreement. Thus, we affirm in part, reverse in part, and remand for further proceedings.
I.
BACKGROUND
Mother and father were divorced by final decree entered June 20, 1992. The divorce decree affirmed, ratified and incorporated the parties’ 1991 child custody, support and property settlement agreement (1991 agreement). The 1991 *474 agreement, inter alia, required father to pay child support for the parties’ two minor children and set the amount of that support. The 1991 agreement also provided that the parties initially would share joint physical custody, with mother having physical custody sixty percent of the time and that, after the passage of two years, they would divide physical custody evenly with each party having the children fifty percent of the time. After an initial period in which father would pay $2,000 in child support each month, the 1991 agreement provided for an adjustment to $1,728, and indicated that “no adjustment in child support payments shall be required” so long as “the parties continue joint physical custody in which [mother] provides care for the children fifty percent of the time or more.” The 1991 agreement also provided that “[i]f either party shall breach the terms of [the agreement] and that party is found to be at fault by a court of competent jurisdiction, then the party at fault shall pay the legal costs incurred by both parties caused by the breach.”
Subsequently, the parties engaged in mediation, which included renegotiation of the amount of child support to be paid by father. In March 1995, they executed an agreement (1995 amended agreement) which provided that they would share physical custody on an equal basis and that father’s child support payments would be reduced to $1,100 per month and would “remain fixed” from September 1994 through December 1997 “so long as the equal sharing of parenting time continues.” The 1995 amended agreement also provided that father would assume sole financial responsibility for certain extracurricular expenses. The parties further agreed that “[n]othing in this amendment shall bar either [party] from seeking additional child support adjustment or relief from a court of law. However, the purpose of this amendment is to avoid the necessity of doing so.” Although the parties began to abide by the terms of the 1995 amended agreement following its execution, they did not submit the amended agreement to the trial court for approval and incorporation into the' final decree.
In 1999, mother filed the present action, claiming entitlement to child support arrearages in the amount of $33,548.91 *475 pursuant to the final decree. In response, father asserted compliance with the 1995 amended agreement and sought to have the amended agreement incorporated into the final decree. He also asserted that he was entitled to have credited to him as non-conforming payments which satisfied the terms of the 1992 decree payments he made to third parties under the 1995 amended agreement and the increased costs associated with his ten-percent increase in custody. Over mother’s objection, the trial court received evidence of father’s “separate expenditures on the children ... beyond his child support obligations.”
The court held “[t]he sole issue presented ... is whether the parties could contractually modify [father’s] child support obligation without an order of [the trial court].” Citing Aeree, it found “(1) the parties have entered into an unequivocal agreement; (2) the change of custody is permanent; (3) the agreement has been fully performed; (4) enforcing the original child support obligations contained in the Final Decree would unjustly enrich [mother]; [and] (5) enforcing the agreement would not adversely affect the child support award.” Based on these findings, it held that father’s compliance with the 1995 amended agreement satisfied his child support obligation. It directed that the 1995 amended agreement be incorporated into the divorce decree and ordered that the parties pay their own attorney’s fees. Although the trial court noted that father’s “separate expenditures on the children ... beyond his child support obligations ... substantially [exceeded] the difference between the [$1,100] and the $1,723 obligations,” it stated expressly that these excess expenditures “did not constitute a reason for [its] decision.”
II.
ANALYSIS
Under settled principles,
[c]hild support payments required under a valid court order become vested as they accrue, and the court is without authority to make any change as to past due *476 installments. Generally, the terms of a support decree must be strictly complied with and payments made when due to the designated payee in accordance with the terms of the decree. When changed circumstances dictate a modification of a support decree, the appropriate remedy is for the party to petition the court to modify the decree. The party or parties may not unilaterally or bilaterally vary its terms.
However, although a court may not retroactively modify a child support obligation, allowing a payor spouse credit for non-conforming support payments, in the limited situations where permitted, is not a modification of a support order. See Acree v. Acree, 2 Va.App. 151, 152, 342 S.E.2d 68, 69 (1986). A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming support payment substantially satisfies the purpose and function of the support award, see [id.] and to do so does not vary the support award.
Commonwealth v. Skeens, 18 Va.App. 154, 158, 442 S.E.2d 432, 434-35 (1994) (citations omitted) (emphasis added). “Typically, two conditions must exist before credits will be given for non-conforming payments: (1) an agreement by the parties which modifies the terms or method of payment; and (2) no adverse [e]ffect on the support award.” Wilderman v. Wilderman 25 Va.App. 500, 506, 489 S.E.2d 701, 705 (1997). “An agreement which itself establishes or modifies the support obligation, rather than only the terms or method of payment, does not meet this test. Such agreements are not enforceable absent court approval, because they impinge on the child’s right to support and the court’s continuing jurisdiction to decree it.” Id. at 506 n. 1, 489 S.E.2d at 705 n. 1.
We approved one exception to this rule in Aeree, a case we described as having “unique facts.” 2 Va.App. at 152, 342 S.E.2d at 68. Aeree involved a bilateral modification agreement which provided for one of the parties’ children, originally in the custody of her mother, to reside permanently with her father instead. See id. at 152-53, 342 S.E.2d at 69. In conjunction with this total change in custody, the parties *477 agreed to a cessation of father’s support payments to mother on behalf of that child. See id. at 153, 342 S.E.2d at 69. We held that where a
custodial parent has by his or her own volition entered into an agreement to relinquish custody on a permanent basis and has further agreed to the elimination of support payments and such agreement has been fully performed, ... the purpose to be served by application of an inflexible rule denying credit for non-conforming payments is outweighed by the equities involved----By assuming [complete] physical custody and total responsibility for the support of the child, the husband fulfilled his obligation under the decree.
Id. at 157-58, 342 S.E.2d at 71-72 (emphasis omitted).
Husband contends that Aeree is not and need not be limited to instances in which the parties have agreed to a total transfer of custody. We disagree. Aeree in fact involved a total transfer of custody and concomitant cessation of child support payments. In quoting in Aeree from the Indiana case of Isler v. Isler, we recognized only “ ‘a narrow exception’ ” to the rule prohibiting credit for non-conforming support payments — to be applied in cases involving the total “relinquish[ment of] custody on a permanent basis.” Acree, 2 Va.App. at 157, 342 S.E.2d at 71 (quoting Isler v. Isler, 425 N.E.2d 667, 670 (Ind.Ct.App.1981)) (emphasis omitted from second quotation). To permit modification of a decree by the parties in a case in which the change in custody is less than complete will invite “continuous trouble and turmoil,” the exact difficulties the rule prohibiting credit for non-conforming payments is designed to avoid. Henderlite v. Henderlite, 3 Va.App. 539, 542, 351 S.E.2d 913, 914 (1987). Our holding in Aeree was premised in part on the fact that when a complete change in custody occurs, the parent originally obligated to pay support for that child “ ‘has ... furnished support in a different manner under different circumstances easily susceptible of proof.’ ” Acree, 2 Va.App. at 157, 342 S.E.2d at 71 (quoting Isler, 425 N.E.2d at 670) (emphasis added).
*478 Where the change in custody is less than complete, as occurred in this case, determining whether the agreed-upon reduction in support payments properly corresponds to the greater burden assumed as a result of the increased custodial time is not so “easily susceptible of proof.” The 1995 amended agreement did more than alter the terms or method of payment; it impermissibly modified the underlying obligation. Here, the parties’ reduction of husband’s monthly support payment from $1,728 to $1,100 without contemporaneous judicial approval constituted an impermissible modification of the underlying obligation. Thus, the court did not need to reach the second prong of the non-conforming payments test— whether the parties’ actions had an adverse effect on the support award.
In short, we hold that, absent a complete change in custody, “the appropriate remedy” in a case in which the parties have agreed to a modification of support “is for the parties] [timely] to petition the court to modify the decree.” Skeens, 18 Va.App. at 158, 442 S.E.2d at 435. Mother’s unjust enrichment is an unfortunate by-product of our decision but, standing alone, does not compel a different result.
We do not disturb the decision in Skeens, which permits a court, in its discretion, to allow a dollar-for-dollar credit against accumulated child support arrearages for indirect payments made to the payee spouse by a third party on behalf of the payor spouse. 18 Va.App. at 158-60, 442 S.E.2d at 435-36.
When a trial court grants credit to a payor parent for Social Security benefits received by his children on account of his disability, the court does not alter the amount of child support that the parent has been ordered or is required to pay. The court simply allows a source of funds, indirectly attributable to a parent, to be used to satisfy the parent’s court-ordered support obligation. Thus, a circuit court does not retroactively modify a child support award or forgive an accumulated arrearage by crediting a dependent child’s Social Security benefits to satisfy a support obligation.
*479 Id. at 159, 442 S.E.2d at 435. However, to the extent our case law may be interpreted to hold that payments to “third party vendors” may constitute non-conforming child support payments for which the payor spouse is entitled to receive credit, see Wilderman, 25 Va.App. at 503, 509-10, 489 S.E.2d at 703, 705, we expressly reject such an interpretation.[1]
Thus, we limit Aeree to its facts and hold that the trial court abused its discretion in concluding father owed no arrearages. The 1995 amended agreement constituted an impermissible modification of the 1992 decree. Absent prior judicial approval or a complete assumption of physical custody, father remained obligated to comply with the original decree, and he was not entitled to a credit for payments to third parties on the children’s behalf. Accordingly, father’s exhibit of comparative household expenditures was not relevant to the case and was improperly admitted. However, we affirm the trial court’s denial of wife’s request for attorney’s fees pursuant to the parties’ 1991 agreement. The agreement provides that a party who breaches the agreement and is “found to be at fault” shall be responsible for all related attorney’s fees. Here, neither party breached the 1991 agreement because, as found by the trial court, they jointly agreed to modify it, and both parties complied with the modifications until wife instituted these proceedings. Thus, father’s payment of support in accordance with the 1995 amended agreement without obtaining judicial approval violated the terms of the final decree, but it did not constitute a breach of the underlying agreement. Accordingly, wife was not entitled to an award of fees pursuant to the 1991 agreement, and her request was properly denied.
*480 For these reasons, we reverse the trial court’s conclusion that father owed no child support arrearage and its admission into evidence of the challenged expenditure exhibit, but we affirm its refusal to award attorneys fees. We remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

. We do not disturb the portion of Wilderman awarding the father a dollar-for-dollar credit for cash sums he paid directly to the mother rather than to the Department of Child Support Enforcement as previously ordered by the court. 25 Va.App. at 510, 489 S.E.2d at 706. We overrule Wilderman only insofar as it may be interpreted to hold that a parent may be entitled, in the absence of an express agreement approved by the court, to credit for payments made to "third party vendors” for things such as "day care, doctor visits [and] food.” Id. at 503, 505, 489 S.E.2d at 703, 704.