COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Russell and Retired Judge Bumgardner[*]
Argued at Norfolk, Virginia


TAMENA GENELL WILSON
                                                    MEMORANDUM OPINION[**] BY
v.        Record No. 2081-17-1                      JUDGE MARY GRACE O'BRIEN
                                                    AUGUST 21, 2018
FITZGERALD BRITTON


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

Tamena G. Wilson, *pro se*.

Jennifer E. Peterson (Peterson Law, PLC, on brief), for appellee.


Tamena G. Wilson ("mother") appeals an order terminating Fitzgerald Britton's ("father")

child support obligation effective May 25, 2010, the date when he obtained custody of the parties'

minor child. The underlying child support obligation originated in a December 6, 2006 agreed

order. Mother asserts the court erred by "retroactively terminating" father's child support obligation

when he was awarded custody on May 25, 2010, even though no motion to modify the December

2006 order was pending, and by failing to award mother arrears pursuant to the December 2006

order.[1]

---

[*] Judge Bumgardner participated in the hearing and decision of this case in his capacity as a senior judge of this Court prior to July 1, 2018 and thereafter by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother also contends the court erred by not dismissing father's appeal based on his failure to post a bond. However, the court dismissed the appeal on the separate ground that it was not timely filed. Neither party objected to the dismissal. Because the court dismissed father's appeal on other grounds, mother was not aggrieved by the court's decision. See Code § 17.1-405(3)(c) (providing that '[a]ny aggrieved party may appeal to the Court of Appeals from . . . [a]ny final

BACKGROUND

The parties were never married and have one child together, born July 25, 2006. On December 6, 2006, the Norfolk Juvenile and Domestic Relations District Court ("the JDR court") granted mother custody of the child and entered an order reflecting the parties' agreement that father pay mother five hundred dollars a month in child support. Mother opened a case with the Department of Social Services, Division of Child Support Enforcement ("DCSE"), and father made payments through that agency pursuant to an income deduction order filed with his employer.

On May 25, 2010, the JDR court transferred physical custody of the child to the father and granted the parties joint legal custody. Mother appealed to the Norfolk Circuit Court ("the circuit court"). In October 2011, the circuit court entered an order granting father sole legal and physical custody of the child. Mother appealed to this Court, and we affirmed. See Wilson v. Britton, Record No. 2344-11-1, 2012 Va. App. LEXIS 291 (Va. Ct. App. Sept. 4, 2012).

Following the May 2010 custody transfer, father sent a copy of the JDR order to DCSE. The agency responded with a communication stating, in relevant part as follows:

> [t]he past due support debt on your case is $0.00 . . . [t]he amount of your child support obligation is $.00 monthly . . . [and] I have received your order where you now have physical custody of your child. I am preparing your case for closure, I have sent a release to DFAS [Defense Financing and Accounting Services] if another payment comes out you will get a refund.

Father made no further support payments and has maintained sole physical custody of the child since May 2010.

After obtaining custody in May 2010, father filed a petition for child support in the JDR court. On November 1, 2011, the JDR court entered a temporary support order requiring mother to pay father three hundred dollars a month in child support. Both parties were present at that hearing

---

judgment, order, or decree of a circuit court involving . . . child support."). Therefore, we will not consider the merits of this assignment of error.

and at a subsequent proceeding on January 10, 2012, when the JDR court entered a final support order with the same provisions. Mother did not appeal that order.

On November 1, 2016, father filed a "Motion to Amend or Review Order" with the JDR court. He requested the following relief:

> That child support payable to [mother] from [father] be abated and that any arrears be established giving due consideration to in kind payments, unjust enrichment and the entry of an Order for Support of the same minor child wherein the Payee became the Payor on November 1, 2011.

After a number of continuances, on May 5, 2017, the JDR court entered an order terminating the December 2006 support order as of October 31, 2011. Mother and father both appealed the May 5, 2017 order to the circuit court.

Mother moved to dismiss father's appeal on the grounds that it was not timely filed and that he failed to post a bond. The circuit court dismissed father's appeal because it was not timely filed, but conducted a *de novo* hearing on the issues raised in mother's appeal. Following the hearing, the court held that after father received sole physical custody in 2010, mother

> was not entitled to child support, and the support order that required the father to pay her was necessar[ily] terminated. Even if the support order [was] not terminated, the father fulfilled his obligation to pay child support payments by making nonconforming payments. He supported the child completely, and the mother contributed nothing to the child's support.

The court found that "giving due consideration to in kind payments and unjust enrichment," father's support obligation ceased on May 25, 2010, when he obtained physical custody. The court granted father's motion to terminate support as of May 25, 2010.

## DISCUSSION

Mother contends that the court erred by terminating father's support obligation effective May 25, 2010, because the parties did not have a motion to amend support before the court on that

date.  She also asserts that the court erred by failing to assess child support arrears against father for his failure to make payments after May 25, 2010.

"It is well settled that both parents owe a duty of support to their child."  Commonwealth *ex rel.* Gray v. Johnson, 7 Va. App. 614, 622, 376 S.E.2d 787, 791 (1989).  However, "the right is solely that of the child.  The [parent] simply has the right to act as a conduit for the payments of support to the child."  Id.

Mother relies on Code §§ 20-74 and -108, each of which provides as follows:

> No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party.

"Generally, the terms of a support decree must be strictly complied with and payments made when due to the designated payee in accordance with the terms of the decree."  Commonwealth v. Skeens, 18 Va. App. 154, 158, 442 S.E.2d 432, 435 (1994).  Support payments become vested as they accrue.  Smiley v. Erickson, 29 Va. App. 426, 432-33, 512 S.E.2d 842, 845 (1999).  See also Cofer v. Cofer, 205 Va. 834, 838, 140 S.E.2d 663, 666 (1965), rev'd on other grounds by Singh v. Mooney, 261 Va. 48, 541 S.E.2d 549 (2001).

A party may not unilaterally modify court-ordered support, and even an informal agreement between parents to suspend or change the amount of support is not binding.  See Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988).  Because a unilateral or temporary modification to support not made pursuant to a court order can impose a hardship on the child to whom support is due, a party requesting an alteration must first "apply to the court for relief."  Id. (holding that because mother did not relinquish custody of the child, the minor was deprived of his right to child support despite the parents' agreement to abate father's obligation).

Certain narrow exceptions apply to the general rule prohibiting retroactive modification of child support orders.  See Acree v. Acree, 2 Va. App. 151, 157, 342 S.E.2d 68, 71 (1986).  In Acree,

the parties decided that one of their daughters, who previously lived with her mother, would permanently reside with her father. Id. at 153, 342 S.E.2d at 69. The parents also agreed that in view of the total change in custody, the father would no longer pay court-ordered support for that child. Id. The mother subsequently filed an enforcement action, claiming support arrearages for the years the child lived with the father pursuant to the parties' agreement. Id. We noted that child support is paid "for the benefit of the child," and when the father assumed full custody and total responsibility for the child's support, enforcing the language of the decree "would unjustly enrich the wife[,] shock the conscience of the average person[,]" and serve "[n]o beneficial purpose." Id. at 154, 158, 342 S.E.2d at 69, 72. We recognized that the purpose of the general rule denying credit for non-conforming payments such as gifts, direct payments to the child, or payment to an educational institute is to avoid "detriment to the custodial parent and child for whose benefit the support was to be paid." Id. at 157, 342 S.E.2d at 71. Accordingly, we held that when

> the custodial parent has by his or her own volition entered into an agreement to relinquish custody on a *permanent* basis and has further agreed to the elimination of support payments and *such agreement has been fully performed* . . . the purpose to be served by application of an inflexible rule denying credit for nonconforming payments is outweighed by the equities involved.

Id. See also Skeens, 18 Va. App. at 158, 442 S.E.2d at 435 ("A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming payment substantially satisfies the purpose and function of the support award . . . and to do so does not vary the support award." (citation omitted)).

We declined to apply the exception established in Acree to the facts of Gallagher v. Gallagher, 35 Va. App. 470, 479, 546 S.E.2d 222, 226 (2001) (*en banc*). In Gallagher, the parties agreed to a partial split of physical custody, and a dispute later arose concerning non-conforming support payments. Id. at 473-75, 546 S.E.2d at 223-24. We refused to give the father credit for non-conforming payments. Id. at 479, 546 S.E.2d at 226. We held that "absent a *complete* change

in custody, 'the appropriate remedy' in a case in which the parties have agreed to a modification of support 'is for the parties [timely] to petition the court to modify the decree.'" Id. at 478, 546 S.E.2d at 226 (alteration in original) (emphasis added) (quoting Skeens, 18 Va. App. at 158, 442 S.E.2d at 435).

Mother argues that Acree is inapplicable because the parties did not enter into an agreement for a permanent change in custody; father was awarded custody by court order. She also contends that she never agreed to eliminate father's support payments. However, a "court's order transferring custody . . . substitutes for the Acree requirement that an agreement by the parties regarding permanent custody must be established." Jones v. Davis, 43 Va. App. 9, 16, 595 S.E.2d 501, 504 (2004). Although we recognized this rule in Jones, this Court declined to award the father retroactive payments in that case because he unilaterally modified his support payments without an agreement or filing a petition to modify support. Id.

In contrast, here, the court granted father sole physical custody of the child in May 2010. Father filed a petition to modify support after the court granted him custody. DCSE advised father that at the time he obtained custody, he had no support arrearage nor ongoing obligation to make payments. Mother acknowledged that she received a copy of this notice from DCSE but took no enforcement action. Father subsequently filed a petition in the JDR court to obtain child support from mother. After a hearing on November 1, 2011, the court entered an order requiring mother to pay father child support. Both parties were present at the hearing, and mother did not appeal the court's order. That order effectively replaced the previous order requiring father to pay mother child support.

"[W]hen a *complete* change in custody occurs, the parent originally obligated to pay support for that child 'has . . . furnished support in a different manner under different circumstances *easily susceptible of proof*.'" Gallagher, 35 Va. App. at 477, 546 S.E.2d at 225 (quoting Acree, 2

- 6 -

Va. App. at 157, 342 S.E.2d at 71). Here, as in Acree, a complete change in custody occurred. Further, following the change in custody, father took action to modify the existing support order by filing a petition requesting that mother pay child support to him. The court granted father's request by entering orders requiring mother to pay child support. We find that based on the complete change of custody and the JDR court's subsequent modification of support by entry of orders requiring mother to pay child support, father's obligation terminated on the date the court ruled on his petition, November 1, 2011. Accordingly, although we affirm the circuit court's decision to terminate father's child support obligation, we remand the case for entry of an order amending the termination date to November 1, 2011, and for calculation of the arrearages that father owes mother from his last payment until November 1, 2011.

Finally, both parties have requested attorneys' fees and costs incurred in this appeal. See Rule 5A:30(b); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In determining whether to make such an award, the Court "shall not be limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but shall consider all the equities of the case." Rule 5A:30(b)(3). After due consideration, we decline to award attorney's fees and costs to either party.

Affirmed in part, reversed in part and remanded.